## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**RONALD DEE O'NEAL**                                    **PETITIONER**
**ADC #128560**

**v.**            **CASE NO.: 5:06CV00327-SWW-BD**

**LARRY NORRIS,**                                        **RESPONDENTS**
**Director, Arkansas Department**
**of Correction, et al.**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District

Judge Susan Webber Wright.  Any party may file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date you receive the Recommended Disposition.  A copy

will be furnished to the opposing party.   Failure to file timely objections may result in

waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.    Procedural History:

Ronald Dee O'Neal, an Arkansas Department of Correction ("ADC") inmate, brings this petition for writ of habeas corpus (docket entry #1) and addendum (#33) under 28 U.S.C. § 2254.  For the reasons that follow, the Court recommends that the District Court dismiss Petitioner's petition for writ of habeas corpus.

## III.    Background:

Petitioner was tried for capital murder before a Pulaski County jury in May, 2003. The defense Petitioner presented at trial was that the killing was accidental rather than deliberate and premeditated.  In his taped confession which was played for the jury, Petitioner stated that he applied a "sleeper hold" to the victim in an effort to quiet her during an argument and placed a piece of duct tape over her mouth, inadvertently covering her nostrils as well as her mouth.  (Respondent's Ex. A at p. 120)  He further stated that when he found that the victim was not breathing, he panicked and dumped her body in the river using a trash can, cable, concrete, and other materials. (Respondent's Ex. A at p. 120)   The victim's body was found submerged in the Arkansas River six days following the incident.

At trial, the prosecution called a forensic pathologist with the Arkansas Medical Examiner's office to testify about the cause of death and the existence of vaginal trauma found during the autopsy.  A criminalist from the Arkansas State Crime Laboratory, who found that hair fiber taken from Petitioner's van was microscopically similar to the hair of the victim, also testified.  The trial court admitted into evidence a number of photographs of the victim's recovered body, over defense counsel's objections.

The Petitioner did not call any witnesses at trial, and he did not testify in his own behalf.  The jury found the Petitioner guilty of capital murder, and the Circuit Court sentenced him to life in prison without the possibility of parole.

On direct appeal of his conviction, Petitioner claimed the trial court erred by: (1) finding the State presented sufficient evidence to support his conviction; (2) admitting speculative testimony regarding trauma to the victim's genitals; and (3) admitting prejudicial photographs of the victim's decomposed body.  *O'Neal v. State*, 356 Ark. 674, 678, 158 S.W.3d 175, 178 (2004).  The Arkansas Supreme Court held there was no reversible error and affirmed Petitioner's conviction.  *Id*.

Petitioner filed a timely petition for post-conviction relief with the trial court under Rule 37 of the Arkansas Rules of Criminal Procedure and later, after the time for filing such a petition had expired, attempted to supplement his petition to add other claims. *O'Neal v. State*, No. CR 04-953, 2005 WL 2387832, at *1 (Ark. Sept. 29, 2005).  The trial court rejected the supplement and denied all of Petitioner's Rule 37 claims without a

hearing. *Id*. Petitioner appealed the denial of his Rule 37 petition to the Arkansas

Supreme Court. *Id*.

On appeal, Petitioner failed to provide a brief that conformed with Ark. Sup. Ct. R.

4-2 by not including an abstract of the trial testimony. *Id*. The Arkansas Supreme Court

did not dismiss Petitioner's appeal, however, but rather ruled that it was clear from the

record that Petitioner could not succeed on his claims. *Id*.

The Petitioner raised eight ineffective-assistance-of-counsel claims in his appeal.[1]

The Arkansas Supreme Court addressed each claim according to the standard set forth in

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), and affirmed the trial

court's order denying Petitioner relief under Arkansas Rule of Criminal Procedure 37.1.

After appealing the denial of his Rule 37 petition, Petitioner brought a pro se

petition for writ of habeas corpus to the trial court maintaining that he was actually

innocent and seeking scientific testing of evidence. *O'Neal v. State*, No. CR 06-546,

2006 WL 2897452 at *1 (Ark. Oct. 12, 2006). The trial court denied the petition without

a hearing and Petitioner appealed. *Id*. The Arkansas Supreme Court dismissed the appeal

---

[1]Petitioner claimed his trial counsel was ineffective for failing to: (1) request
assistance for Petitioner's alleged hearing impairment; (2) request transcripts of *voir dire*
and opening and closing statements so that they could be included on appeal; (3) obtain
an independent forensic examination of the victim and present other witnesses; (4)
challenge the jury as a result of an inadequate database; (5) move for dismissal on a
speedy-trial violation; (6) present evidence of physical disabilities preventing Petitioner
from lifting; (7) adequately impeach a witness concerning the victim's quiet nature; and
(8) present evidence concerning carpet fibers found on the victim's body and in
Petitioner's van.

because Petitioner failed to:  (1) make a threshold showing that identity was an issue during the investigation or prosecution, (2) present an argument consistent with his defense at trial, and (3) demonstrate a legitimate basis for the writ.

Petitioner raises the following claims for relief in the instant Petition (#1):

(1) insufficient evidence to support the conviction;

(2) error in the admission of evidence that was more prejudicial than probative;

(3) error in the admission of photographs that were more prejudicial than probative;

(4) ineffective assistance of counsel for failing to request hearing aids;

(5) ineffective assistance of counsel for failing to procure a transcript of voir dire, opening, and closing for use on appeal;

(6) ineffective assistance of counsel for refusing to move for an independent forensic expert witness and present evidence of the victim's sexual activity;

(7) denial of a fair and impartial jury;

(8) violation of the speedy trial law;

(9) ineffective assistance of counsel for failing to procure Petitioner's medical records;

(10) ineffective assistance of counsel for failing to procure the police report;

(11) ineffective assistance of counsel for failing to rebut evidence of carpet fibers;

(12) actual innocence;

(13) failure of the trial court to suppress a confession that was not made knowingly, voluntarily, or intelligently, in violation of Petitioner's Fourteenth Amendment Due Process rights;

(14) ineffective assistance of counsel for failing to object to a competency evaluation; and

(15) ineffective assistance of counsel for failing to request DNA testing of hair recovered from Petitioner's van.

Respondent argues that the Court should defer to the decisions of the State courts denying relief to Petitioner on claims 4, 5, 6, 9, 10, 11, and 13. Further, Respondent argues that claims 1, 2, 3, 7, 8, 14 and 15 are procedurally defaulted or lack merit and that claim 12 is not cognizable in a federal habeas proceeding.

## IV.  **Standard of Review**:

A.  Limited Federal Review of Claims Adjudicated in State Court

"When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is "an unreasonable application" of federal law "if the state court identifies the correct governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. "In other words, it is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

In addition, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those findings may be set aside "only if they are not fairly supported by the record." *Simmons v. Luebbers*, 299 F.3d 929, 942 (8th Cir. 2002) (quoting *Purkett v. Elem.*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995) and *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006)).

B.     Limited Federal Review of Insufficient Evidence Claims

In assessing a habeas petition claiming insufficient evidence to support a state court conviction, the scope of federal review is extremely limited. *Sera v. Norris*, 400

F.3d 538, 543 (8th Cir. 2005) (quoting *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir.

2003)).  It is not relevant whether this Court believes that evidence produced at trial

establishes guilt beyond a reasonable doubt.  *Id*.  Instead, the Court must determine

"whether, after viewing the evidence in the light *most favorable to the prosecution*, *any*

rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781 (1979)

(emphasis added).

**V.**     **Analysis of Petitioner's Claims**:

A.     Claims Adjudicated in State Court

    1.     *Sufficiency of the Evidence to Support the Capital Murder Conviction*

Petitioner claims the evidence produced at trial is insufficient to support his capital

murder conviction.[2]  Specifically, Petitioner argues there was insufficient evidence to

support a finding that he acted "in a premeditated, deliberate or knowing manner." (#1 at

p. 13)  The Arkansas Supreme Court found this argument unpersuasive.  *O'Neal*, 356

Ark. at 683.  The Court based its decision that there was sufficient evidence that

Petitioner had acted in a premeditated, deliberate, or knowing manner on: (1) Petitioner's

statement that he had a plan to hold the victim against her will to keep her quiet; and

---

[2]Under Ark. Code Ann. § 5-10-101, a person commits capital murder when, "with
the premeditated and deliberated purpose of causing the death of another person, he or
she causes the death of any person."

(2) the testimony of the forensic pathologist who stated it would take several minutes, not

seconds, to cause death by pressure to the carotid arteries. *Id*. The Arkansas Supreme

Court's opinion on the insufficient evidence claim is not contrary to federal law, and its

determination of the facts is not objectively unreasonable.

When it reviewed Petitioner's case, the Arkansas Supreme Court viewed the

evidence in a light most favorable to the state and considered only the evidence that

supported the verdict to determine whether the evidence supporting the verdict was

substantial. *O'Neal v. State*, 356 Ark. at 681. In determining whether the evidence was

substantial, the Arkansas Supreme Court evaluated whether the evidence was "of

sufficient force and character that it will, with reasonable certainty, compel a conclusion

one way or the other, without resorting to speculation or conjecture." *Id*. citing *Edmond*

*v. State*, 351 Ark. 495, 95 S.W.3d 789 (2003).

The test applied by the Court, which is based on state law, does not contradict the

reasoning or holding of the United States Supreme Court in *Jackson*, *supra*. See *Mitchell*

*v. Esparza*, 540 U.S. 12, 14, 124 S.Ct. 7, 10, (2003) (holding the state court need not cite

to, or even be aware of, applicable United States Supreme Court opinions, as long as

"neither the reasoning nor the result of the state-court decision contradicts them").

Further, Petitioner does not contend the United States Supreme Court has addressed a

case with facts that are "materially indistinguishable" from those involved here.

Therefore, the Arkansas Supreme Court's decision regarding the sufficiency of the evidence was not "contrary to" applicable law under § 2254(d)(1).

"A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings' only if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not enjoy support in the record." *Sera*, 400 F.3d at 543 (quoting 28 U.S.C. § 2254(e)(1)); *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004), cert. denied, 543 U.S. 1027, 125 S.Ct. 670 (2004). The Petitioner has not produced clear and convincing evidence rebutting the state court's factual findings. To the contrary, the court's findings are supported by the record. Accordingly, the Court recommends that the District Court deny Petitioner habeas relief on his sufficiency of the evidence claim.

2. *Due Process*

Petitioner argues the trial court violated his due process rights by admitting the testimony of Dr. Charles Kokes, a forensic pathologist with the Arkansas Medical Examiner's Office. At trial Dr. Kokes testified that when the victim's body was recovered she was clothed, but that in performing an autopsy, he observed signs of antemortem trauma in the victim's genital region. (Respondent's Exhibit A at pp. 288-89) Dr. Kokes could not testify with a reasonable degree of medical certainty that the injury was the result of a sexual assault. (Respondent's Exhibit A at pp. 293) He testified that the discoloration could have come from decomposition, but he also stated that he did

10

not find any other areas of discoloration on the victim's body like the ones found in the

genital region, and that the discoloration was consistent with blunt force trauma.

(Respondent's Exhibit A at pp. 290, 293)

Petitioner claims Dr. Kokes's testimony was irrelevant, more prejudicial than

probative, and unreliable.  Petitioner made these arguments to the Arkansas Supreme

Court on direct appeal of his conviction, and the Court held the testimony at issue was

admissible under the Arkansas's rules of evidence.  *O'Neal*, 356 Ark. at 681-82.

Because state law governs questions of admissibility of evidence, this Court is

bound by the Arkansas Supreme Court's ruling.  *Maynard v. Lockhart*, 981 F.2d 981, 986

(8th Cir. 1992) (citing *Carlson v. State*, 945 F.2d 1026, 1029 (8th Cir. 1991)).  As the

United States Supreme Court stated, "[I]t is not the province of a federal habeas court to

reexamine state court determinations on state law questions.  In conducting habeas

review, a federal court is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68-

69, 112 S.Ct. 475, 480 (1991).

"A state court's evidentiary rulings can form the basis for habeas relief under the

due process clause only when they were so conspicuously prejudicial or of such

magnitude as to fatally infect the trial and deprive the defendant of due process." *Osborne*

*v. Purkett*, 411 F.3d 911 (8th Cir. 2005)(quoting *Parker v. Bowersox*, 94 F.3d 458, 460 (8th

Cir. 1996), *cert. denied*, 520 U.S. 1171, 117 S.Ct. 1439 (1997)).  Accordingly, habeas

corpus review is limited to determining whether Petitioner's federal due-process rights were violated by admission of the testimony.[3]  *Mercer v. Armontrout*, 844 F.2d 582, 587 (8th Cir. 1988), *cert. denied*, 488 U.S. 900, 109 S.Ct. 249 (1988).

Petitioner has not established a due-process violation.  The Arkansas Supreme Court found that Dr. Koke's testimony was relevant because it corroborated the Petitioner's story that he struggled with the victim.  The Court also found the testimony was "independently relevant proof of O'Neal's intent and the absence of mistake or accident in committing the offense.  Hence, the evidence is relevant under the intent and absence-of-mistake-or-accident exception to Ark. R. Evid. 404(b)(2003)."  *O'Neal*, 356 Ark. at 684.  Finally, the Court found the expert testimony to be reliable and sufficiently related to the facts of the case to aid the trier of fact.  *Id*. at 686.  These standards for admissibility are the same as those used in the federal courts and are in accord with Supreme Court precedent.  See Fed. R. Evid. 404(b) and 702; *Huddleston v. United States*, 485 U.S. 681, 685-88, 108 S.Ct. 1496 (1988).

Petitioner further challenges the admission of photographs of the victim's body taken after it was recovered.  Petitioner argues the photographs were unnecessary and

---

[3]Respondents point out that, while Petitioner argued to the state courts that testimonial and photographic evidence of injury to the victim's labia was prejudicial, irrelevant, and speculative, he did not specifically argue that admission of the evidence violated his constitutional right to due process. (#7 at pp. 12-13)  The Court agrees, but under 28 U.S.C. § 2254(c), it may deny the Petitioner's application on the merits notwithstanding the Petitioner's failure to raise his due process claim before the state courts.

unfairly prejudicial.  The Arkansas Supreme Court held that under Arkansas law,

photographs are admissible when they are helpful to explain testimony, and the mere fact

that photographs are inflammatory, standing alone, is not sufficient to exclude them.

*O'Neal*, 356 Ark. at 687 (quoting *Davis v. State*, 350 Ark. 22, 86 S.W.3d 872 (2002)).

The Court found the photographs were also admissible to show the condition of the body

as it was received before the autopsy.  *Id*. (citing *Newman v. State*, 353 Ark. 258, 106

S.W.3d 438 (2003)).  Finally, the Court found the photographs were relevant to the show

that Petitioner was being truthful in his confession when he told how he would

"theoretically" dispose of the body.  *Id*.  The Court affirmed the trial court's admission of

the photographs.  *Id*.  The Court's ruling was not contrary to, nor an unreasonable

application of, clearly established federal law.  See *Rousan v. Roper*, 436 F.3d 951, 959

(8th Cir. 2006) (finding no error affecting petitioner's constitutional rights in the

admission of photographs of victims' bodies taken one year after the murders when the

bodies were recovered); see also *Kuntzelman v. Black*, 774 F.2d 291, 292-93 (8th Cir.

1985) (per curiam) (finding no constitutional error in the admission of "flagrantly

gruesome" photographs that "were at least arguably relevant and probative in showing the

identity and condition of the deceased, the location of the wound, and the intent of [the

petitioner] in firing the shot that killed [the victim]").

Moreover, the admission of the testimony and photographs, even if it had been

erroneous, did not "fatally infect the proceedings."  *Osborne* at 917.  In the light of the

Petitioner's confession, the jury's findings clearly rested on a substantial factual basis, even absent the testimonial and photographic evidence in controversy. *Kuntzelman*, 774 F.2d at 292.  Nothing in the record indicates that the trial was so fundamentally unfair as to deprive Petitioner of his due process rights.

       3.    *Coerced Confession*

Prior to trial, Petitioner moved to suppress admission of the statement he gave to police on the following grounds: (1) he was not properly advised of his constitutional rights in accordance with *Miranda v. Arizona*, 384 U.S. 436 (1966); (2) he did not knowingly waive his right against self-incrimination; and (3) his statement was "a result of coercion, intimidation and promises by members of the Pulaski County Sheriff's Office." (Respondent's Exhibit A at p. 35)   After a hearing, the trial court denied the motion to suppress, and the statement was admitted at trial. (Respondent's Ex. A at p. 243)

In this Petition, Petitioner claims the trial court erred in admitting his confession because it was not made voluntarily.  Specifically, Petitioner claims the confession was coerced because investigating officers promised him leniency on a firearms charge if he admitted to murdering the victim.  (#1 at p. 31)  In the direct appeal of his conviction, Petitioner did not challenge the trial court's ruling denying the motion to suppress and admitting the confession.  Accordingly, the Arkansas Supreme Court did not specifically address the issue. *O'Neal v. State*, 356 Ark. 674, 678, 158 S.W.3d 175, 178 (2004).

a.      Standard of Review

Title 28 U.S.C. § 2254(d) provides that a deferential standard applies to "any claim adjudicated on the merits in State court proceedings."  See also *Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004).  There is no bright-line rule to determine whether a claim has been adjudicated on the merits.  *Id*. at 461.  A court "must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court."  *Id*.

In this case, the Court did not address the coerced confession claim directly but stated that under Arkansas Supreme Court Rule 4-3(h) it had reviewed the record for adverse rulings the Petitioner objected to but did not argue on appeal.  The Court found no reversible errors.[4]   *Id*. at 688.  In conducting its review, the Court may have implicitly rejected Petitioner's coerced confession claim on the merits.  However, because the Arkansas Supreme Court did not expressly mention this claim in conducting its review, this Court cannot say with certainty that the claim was adjudicated.  Under these circumstances, the appropriate standard is a *de novo* review of the claim.  *Pfau v. Ault*, 409 F.3d 933, 938-39 (8th Cir. 2005).

_____

[4]Rule 4-3(h) provides: "When the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant in accordance with Ark. Code Ann. § 16-91-113(a)."  Arkansas Code Annotated § 16-91-113(a) provides:  "The Supreme Court need only review those matters briefed and argued by the appellant, except that where either a sentence for life imprisonment or death has been imposed the Supreme Court shall review all errors prejudicial to the rights of the appellant."

　　　　b.　　Analysis of the Evidence

"To merit habeas corpus relief, [a petitioner] must prove he involuntarily made his statement to law enforcement officials." *Simmons v. Bowersox*, 235 F.3d 1124, 1132 (8th Cir. 2001).  While "[i]t is improper for police to obtain a confession through an express or implied promise of leniency, . . . such a promise will not render the confession involuntary unless it overcomes the defendant's free will and impairs his capacity for self determination." *Smith v. Bowersox*, 311 F.3d 915, 922 (8th Cir. 2002).  In determining whether a defendant's statement was voluntary, a court must consider the totality of the circumstances. *Withrow v. Williams*, 507 U.S. 680, 693, 113 S.Ct. 1745 (1993).  "These circumstances may include, among other things, the degree of police coercion, the length of the interrogation, its location, its continuity, and the defendant's maturity, education, physical condition, and mental condition." *Smith*, 311 F.3d at 922; *Simmons*, 235 F.3d at 1132-33.

At the suppression hearing, Kirk Lane, a Captain with the Pulaski County Sheriff's Department who investigated the victim's death, testified that he arrested Petitioner on June 19, 2001, after Petitioner consented to the search of an abandoned apartment in the apartment complex where he worked.  Captain Lane found two weapons.  At the time of the arrest, Captain Lane advised Petitioner he was being arrested on probable cause for a felon-in-possession-of-firearms charge and read him his *Miranda* rights.  After Petitioner was transported to the Pulaski County Sheriff's Office, Sergeant Jim Dixon gave

Petitioner a rights form, went over each of the rights with the Petitioner, and then witnessed Petitioner signing the form.  (Respondent's Exhibit A at p. 117)  In response to questions from Sergeant Dixon, the Petitioner gave a recorded statement pertaining to the felon-in-possession-of-firearms-charge.  Sergeant Dixon and Captain Lane both testified that at no time during the arrest and interview process regarding the firearms charge was Petitioner ever questioned about the homicide, threatened, or promised anything. (Respondent's Exhibit A at pp. 85, 88-89, 91, 96-97, 102, 103-105)

After taking Petitioner's statement on the firearms charge and a short break, during which Petitioner was given something to eat and drink, Sergeant Dixon again advised Petitioner of his rights but this time related to the homicide.  (Respondent's Exhibit A at p. 97)  Again, Sergeant Dixon went over each of the rights with the Petitioner and then witnessed Petitioner signing the rights form at 5:50 p.m.  (Respondent's Exhibit A at p. 97-98, 119)

After Petitioner signed the rights form, Sergeant Dixon interviewed the Petitioner. (Respondent's Exhibit A at p. 119)  At 9:02 p.m., Petitioner gave a tape-recorded statement regarding the homicide.  (Respondent's Exhibit A at p. 119)  In the recorded statement, Petitioner stated that he had not been threatened in any way and that nobody had made any promises to him in exchange for his taped statement.  (Respondent's Exhibit A at p. 119)  He further testified that he did not have any medical conditions preventing him from remembering.  (Respondent's Exhibit A at p. 119)  Sergeant Dixon

17

and Captain Lane both testified that neither they nor anyone in their presence, at any time during the interview of Petitioner, made threats or promises to Petitioner, discussed a forty-year sentence on the gun charge, or made any promises about the gun charge in relation to the homicide charge.  (Respondent's Exhibit A at pp. 85, 91, 102-104, 108)

Sergeant Dixon testified that Petitioner appeared to understand what was being said during the interview.  (Respondent's Exhibit A at p. 109)  Sergeant Dixon and Captain Lane both testified that Petitioner did not appear to be under the influence of drugs or alcohol at any time during the interview.  (Respondent's Exhibit A at pp. 85, 102)  At the time of the arrest, Petitioner was fifty-four years old.  (Respondent's Exhibit A at pp. 117, 119)  He had a high school diploma and two associate degrees. (Respondent's Exhibit A at pp. 117, 119)

The testimony of Sergeant Dixon and Captain Lane indicates that the officers advised Petitioner of his *Miranda* rights prior to taking his statement.  The Petitioner stated that he understood his rights, and the officers did not promise Petitioner leniency on his firearms charge in exchange for his cooperation with the homicide investigation. There is no evidence in the state court record supporting Petitioner's claim that the officers made a promise of leniency sufficient to overcome the Petitioner's free will and impair his capacity for self determination.  Based on the foregoing, the Court finds that Petitioner's statement was voluntary and recommends that the District Court deny Petitioner relief on his coerced confession claim.

4.    *Actual Innocence*

Petitioner claims actual innocence as a substantive ground for relief, unconnected

to any other constitutional violation.  (#1 at pp. 41-53)  The Respondent argues that under

*Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853 (1993), this Court cannot decide a free-

standing claim of actual innocence which is unrelated to a constitutional violation.  (#7 at

p. 18)

In *Herrera*, the petitioner presented an innocence defense at trial.  In his habeas

petition, the petitioner argued that because he was actually innocent of the crime for

which he had been convicted, his execution would constitute cruel and unusual

punishment in violation of the Eighth Amendment and Fourteenth Amendment Due

Process Clause.  *Id*. at 398.  The Supreme Court assumed, without deciding, that "in a

capital case a truly persuasive demonstration of 'actual innocence' made after trial would

render the execution of a defendant unconstitutional."  *Id*. at 417.  The Court did not set

forth the level of proof that would be required for a substantive claim based on actual

innocence to render an execution unconstitutional because Herrera did not come close to

demonstrating his actual innocence.  The Court did state, however, that the standard

would be "extraordinarily high."  *Id.*   At the very least, *Herrera* requires a Petitioner

claiming actual innocence  to show new evidence that "unquestionably establishes" his

innocence.  See *Cornell v. Nix*, 119 F.3d 1329, 1335 (8th Cir. 1997) (denying habeas

19

relief to petitioner who based his actual innocence claim on the affidavit of a witness who recanted his testimony).

As in *Herrera*, the Petitioner here has failed to come forward with new evidence that establishes his innocence.  In this case, Petitioner did not present an innocence defense at trial, but now bases his actual innocence argument on an allegation that his confession was coerced, an unsupported claim that someone else killed the victim, and the affidavit of a witness who claims he saw the victim alive after the time Petitioner said he accidently caused the death of the victim.  None of the evidence Petitioner relies on is *new* evidence.  It is all evidence that existed prior to trial and, with some diligence, could have been presented at trial.  Further, the claim of actual innocence made by the Petitioner is inconsistent with the defense presented at trial, and is not based on reliable evidence that unquestionably establishes his innocence.  Petitioner's claim that his confession was coerced is contrary to the Petitioner's confession testimony and the testimony of the officers who questioned him.  Petitioner offers no credible evidence to support his claim that someone else killed the victim, and the affidavit Petitioner presents does not establish his innocence but rather, at most, calls into question the time of the victim's death.  Accordingly, the Court recommends the District Court deny Petitioner relief on his actual innocence claim.

5.    *Ineffective Assistance of Counsel*

Petitioner claims his trial lawyer's performance was constitutionally deficient

under *Strickland v. Washington*, 466 U.S.668, 687 (1984).  In his Rule 37 post-conviction

petition, Petitioner raised several ineffective assistance of counsel claims which the trial

court denied without a hearing.  *Id*.  On appeal of the trial court's denial of relief under

Rule 37, Petitioner again argued that his trial counsel was ineffective for several reasons.

See FN1.  The Arkansas Supreme Court summarized the lower court proceedings, set

forth the *Strickland* standard, and analyzed each of Petitioner's claims.  *O'Neal*, 2005 WL

2387832 at *3-4.  The Court held that all of the claims lacked merit and affirmed the trial

court's order denying post-conviction relief.

In this Petition, Petitioner claims his trial counsel was ineffective for failing to:

(1) request hearing aids for him; (2) procure transcripts of voir dire, opening, and closing

for use on appeal; (3) move for an independent forensic expert witness; (4) procure

Petitioner's medical records; (5) procure a police report; (6) rebut evidence of carpet

fibers; (7) object to his competency evaluation; and (8) request DNA testing of hair

recovered from his van.

*Strickland* requires that a reviewing court presume counsel's performance "falls

within the wide range of reasonable professional assistance" and the challenged conduct

"might be considered sound trial strategy."  *Strickland*, 466 U.S. at 689.  Accordingly, it

was not an unreasonable application of *Strickland* for the Arkansas Supreme Court, in

21

evaluating Petitioner's claims, to place the burden on Petitioner to provide factual support

for his claims that counsel's performance was deficient.

As set forth below, the Arkansas Supreme Court's denial of Petitioner's ineffective

assistance of counsel claims was not based on an unreasonable determination of the facts.

       a.     Failure to Request Accommodation of Petitioner's Alleged Hearing
              Impairment

Petitioner claims he lost his hearing aids on June 19, 2001, the day of his arrest,

when the sheriff's department confiscated his vehicle.  (#1 at p. 21)  Petitioner claims his

counsel was ineffective for failing to procure hearing aids for him to use at trial so he

could assist in his own defense by confronting witnesses.[5]  The Arkansas Supreme Court

addressed this issue and held that based on the evidence in the record, Petitioner had not

demonstrated a hearing impairment that prevented him from assisting in his own defense.

*O'Neal* 2005 WL 2387832 at *3.  The Court noted a report on Petitioner's mental

condition specifically found he was capable of effectively assisting his attorney.  *Id*.  The

Court also noted that Petitioner could have raised this issue with the trial court himself,

but failed to do so.

In this petition, Petitioner claims that his trial counsel knew he had hearing

problems.  He claims that he asked his counsel to ask the court to replace his hearing aids

---

[5]Petitioner never raised an independent confrontation clause claim with the state courts.  Although he mentions confrontation of witnesses in this Petition, it is only in the context of his ineffective assistance of counsel claim, not as an separate claim.

because he could not hear what was going on in the court room, but his Counsel refused

to ask the court. (#17 at p. 22)  Petitioner claims that he was prejudiced because he:

> did not hear that he was being referred to as the landlord.  He did no hear
> they had videoed the interrogation.  He did not hear the fact his attorney did
> not ask Captain Lane if he believed Ellis death was a accident as promised.
> Petitioner did not hear Yancy testify that Ellis was going to collect a $100
> from Petitioner, are but a few of the things Petitioner did not hear at his
> trial. [sic]

(#17 at p. 13).

The Arkansas Supreme Court's decision denying relief on this claim is not

contrary to established Federal law, and the Court's factual findings were based on the

uncontradicted evidence in the record.

With an addendum to his petition (#33), Petitioner has submitted documents which

he contends establish his hearing impairment.  Petitioner attempted to attach the materials

as exhibits to his brief on appeal of the denial of Rule 37 relief, but the Arkansas Supreme

Court rejected the materials because they were not part of the trial court record.  *O'Neal*,

2005 WL 2387832 at *2.

This Court cannot consider evidence that was not properly presented to the state

habeas court unless:  (1) the petitioner was not at fault in failing to develop the factual

basis of his claim in state court, or (2) the petitioner, if at fault, satisfies the criteria in 28

U.S.C. § 2254(e)(2).  See *Bradshaw v. Richey*, 546 U.S. 74, 79, 126 S.Ct. 602 (2005);

*Holland v. Jackson*, 542 U.S. 649, 652-53, 124 S.Ct. 2736 (2004); *Williams v. Taylor*,

529 U.S. 420, 430-37, 120 S.Ct. 1479 (2004).  If lack of diligence or some greater fault is

attributable to the petitioner or his counsel, the first condition is not satisfied. *Fudge v. Norris*, 2008 WL 450385 (E.D. Ark. 2008) (citing *Williams v. Taylor*, 529 U.S. at 432). To satisfy the criteria in 28 U.S.C. § 2254(e)(2) and thus meet the second condition, a petitioner must show his claim relies on "(I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2).

The documents Petitioner seeks to have considered are medical records from 1985 to 1996. (#27 at pp. 4-19) All of these records existed years before Petitioner filed his Rule 37 petition. In the light of this fact, Petitioner cannot claim he was not at fault in failing to develop the factual basis of his claim in state court. Further, Petitioner is not relying on a new rule of constitutional law that was previously unavailable. Accordingly, the Court will not consider the documents attached to Petitioner's addendum.

The Arkansas Supreme Court's rejection of Petitioner's ineffective assistance of counsel claim based on the failure to request hearing aids was not contrary to or an unreasonable application of the standard set forth in *Strickland* and was not based on an unreasonable determination of the facts in the light of the evidence presented in the State court proceeding.

b.      Failure to procure transcript of voir dire for use on appeal

Petitioner claims his trial counsel was ineffective for failing to include a transcript

of voir dire in the record for the direct appeal.  The Arkansas Supreme Court upheld the

trial court's denial of relief on this claim.  *O'Neal*, 2005 WL 2387832 at *3.  The Court

found that Petitioner did not point to any specific errors that occurred because his counsel

failed to include voir dire and opening and closing statements in the transcript on appeal.

*Id*.

In this petition, Petitioner claims "[t]here were issues concerning the Jury

Selection that he could not be properly presented due to Counsel's Ineffectiveness that

prejudiced Petitioner on Appeal and caused Appeal Counsel to be Ineffective [sic]."  (#1

at p. 23)   The Arkansas Supreme Court held that Petitioner had the burden of

demonstrating actual bias on the part of jurors to claim prejudice resulting from the

alleged ineffective assistance of counsel, and Petitioner failed to establish any bias on the

part of the jurors selected.  *O'Neal*, 2005 WL 2387832 at *4.  The Court's opinion is not

contrary to established law or an unreasonable determination of the facts.  See *Strickland*,

466 U.S. at 694.  Accordingly, the Court recommends that the District Court deny

Petitioner relief on this ineffective assistance of counsel claim.[6]

---

[6]Petitioner also claims the failure on the part of his trial counsel prevented him
from pursuing a claim that he was denied a lawful jury because of a deficient voter data
base.  This is contrary to the record.  Petitioner raised his voter database claim in his Rule
37 petition.

c.      Failure to call witnesses

Petitioner complains his counsel was ineffective for failing to obtain expert

witnesses to testify concerning the cause of death, the condition of the victim's body, and

hair found in Petitioner's van.  The Court reasonably concluded Petitioner could not

succeed on this claim because he had not named a witness, provided a summary of the

testimony, or established that the testimony would have been admissible, as required

under Arkansas law.  *O'Neal*, 2005 WL 2387832 at *3 (citing *Greene v. State*, 356 Ark.

59, 74, 146 S.W.3d 871, 882 (2004)).  Similarly, in this Petition, there is no proffer of the

name of an expert or the content of expert testimony that should have been offered and

that would have changed the outcome at trial.  Accordingly, the Arkansas Supreme

Court's denial of relief on this claim was not unreasonable.  See *Lamar v. Graves*, 326

F.3d 983 (8th Cir. 2003) (citing *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989),

*cert. denied*, 493 U.S. 898, 110 S.Ct. 252 (1989)) (holding that petitioner could not

succeed on an ineffective assistance of counsel claim for failure to consult with expert if

petitioner had not offered expert testimony to support the claim).

Petitioner also claims his counsel should have called his former girlfriend to testify

about the carpet fibers found in his van.  The Arkansas Supreme Court appropriately

concluded that Petitioner could not establish that he was prejudiced by counsel's failure

to call this witness.  Petitioner did not pursue an innocence defense at trial, but rather

admitted to killing and transporting the victim in his van.  His defense was based on the

argument that the killing was not intentional.  Accordingly, Petitioner was not prejudiced

by counsel's failure to introduce testimony from any witnesses disputing evidence of hair

or carpet fibers found in Petitioner's van.  The evidence was not relevant to the defense.

See *Williams v. U.S.*, 452 F.3d 1009, 1013-14 (8th Cir. 2006) (denying relief to petitioner

who did not establish that the desired testimony would have resulted in a different

outcome given all of the evidence of guilt presented at trial).

        d.      Failure to obtain medical records and police report

Petitioner claims his attorney was ineffective because he did not obtain medical

records to substantiate that Petitioner had a chronic medical condition that would have

prevented him from lifting a trash can filled with "a 148 pound concrete curb stop, and a

120 pound body in a 25 pound trash can."  He also faults his counsel with failing to

obtain a police report to contradict testimony that the victim was a quiet person.  (#1 at p.

29)  The Arkansas Supreme Court held that, in light of the fact that Petitioner confessed

to killing the victim and the fact that he had knowledge of details about the way the body

had been hidden, he was not prejudiced by his counsel's failure to introduce this

evidence.  *O'Neal*, 2005 WL 2387832 at *4.  The evidence Petitioner claims should have

been presented was not relevant to the defense presented at trial.  Accordingly, the

Arkansas Supreme Court's ruling that Petitioner's trial counsel was not ineffective for

failing to obtain the medical records or police report was reasonable in light of the

evidence presented at trial.

e.      Failure to move for dismissal of claims on speedy trial grounds

Petitioner claims his trial counsel was ineffective for refusing to file a motion to dismiss all of the charges against him because he was not prosecuted within twelve months of his arrest as required by Arkansas Rule of Criminal Procedure 28.1. Petitioner argues that, as a result of the delay, at the time of the trial, two of his witnesses were dead, and he was unable to review 911 call records. The Arkansas Supreme Court addressed Petitioner's argument by noting that the reason for the delay was the need for a satisfactory psychiatric examination in the light of Petitioner's plea of not guilty by reason of mental disease or defect. *O'Neal*, 2005 WL 2387832 at *4. Arkansas Rule of Criminal Procedure 28.3 specifically excludes time spent to obtain an examination of the defendant's competency from the computation of time under Rule 28.1. Accordingly, Petitioner was not prejudiced by his counsel's failure to file a motion to dismiss the charges on speedy trial grounds, and the Arkansas Supreme Court's dismissal of the claim was reasonable.[7]

Because none of the Arkansas Supreme Court's rulings on Petitioner's ineffective assistance of counsel claims are contrary to clearly established Federal law or based on an

---

[7]Petitioner relies on *Terry v. Hill*, 232 F.Supp.2d 934 (E.D. Ark. 2002) in support of this claim. Unlike this case, however, *Terry* involved a pretrial detainee's conditions of confinement and whether those conditions violated the detainee's rights under the Eighth Amendment. Petitioner's claim here is a Sixth Amendment ineffective assistance of counsel claim. Accordingly, *Terry* does not support this claim.

unreasonable determination of the facts, the Court recommends that the District Court dismiss the ineffective assistance of counsel claims that were raised with the court below.

B.      Procedurally Defaulted Claims

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving the state courts an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); see 28 U.S.C. § 2254(b) and (c).  "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006); *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)).  Claims in a federal habeas petition not presented in the state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v.  Thompson*, 501 U.S. 722, 750, 111 S.Ct.  2546, 2565 (1991).  If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

Respondent argues Petitioner has procedurally defaulted the following claims by not raising them with the state courts:  (1) ineffective assistance of counsel for failing to

object to competency evaluation; (2) ineffective assistance of counsel for failing to request DNA testing of hair recovered from Petitioner's van; (3) ineffective assistance of counsel for failing to present testimony regarding the victim's sexual activity; (4) denial of a fair and impartial jury; and (5) denial of speedy trial.  Further, Respondent argues that Petitioner cannot show cause and prejudice or actual innocence to permit this Court to hear these claims.

     1.    *Ineffective Assistance of Counsel*

Petitioner raises three ineffective assistance of counsel claims that were not raised with the state courts: (1) trial counsel should have objected to the mental competency evaluation because it did not specifically note his alleged hearing loss; (2) counsel was ineffective for failing to request DNA testing of hair recovered from his van; and (3) counsel was ineffective for failing to offer testimony regarding the victim's sexual activity.[8]

---

[8]Petitioner attempted to raise a DNA testing claim in his state habeas petition. *O'Neal v. State*, No. CR 06-546, 2006 WL 2897452, *2 (Ark. 2006).  That claim, however, was rejected by the Arkansas Supreme Court as a claim of actual innocence based on previously unavailable scientific evidence, not a claim of ineffective assistance of counsel.  *Id*. at 2.  In an addendum to his Rule 37 petition, Petitioner also attempted to raise a claim that his counsel should have introduced testimony about the victim's sexual activity.  *O'Neal*, 2005 WL 2387832 at *2.  The trial court, however, rejected the addendum.  *Id*.  The Arkansas Supreme Court, applying a well-settled procedural rule, refused to consider arguments made in Petitioner's addendum because the addendum was not part of the record on appeal.  *Id*.  (citing *Miles v. State*, 350 Ark. 243, 85 S.W.3d 907 (2002)).

It has been more than sixty days since Petitioner's direct appeal was dismissed, and the time for raising the ineffective assistance of counsel claims has passed.  See ARK. R. CRIM. P. 37.2(c).  Petitioner's failure to seek relief within the time limits set by Rule 37 is a jurisdictional defect.  *Mims v. State*, 360 Ark. 96, 96, 199 SW.3d 681, 681 (2004). Accordingly, these claims are procedurally defaulted unless Petitioner can show cause and prejudice or actual innocence.

2.    *Speedy trial*

In addition to his ineffective assistance of counsel claim, Petitioner raises a separate Sixth Amendment claim that he was denied his right to a speedy trial.  Petitioner claims that as a result of a delay in prosecuting his case, two of his witnesses were deceased at the time of trial, and he was unable to obtain 911 records.  Respondent argues Petitioner procedurally defaulted this claim because he failed to raise it with the state courts.  The Court agrees.  Petitioner admits neither he nor his trial counsel raised this Sixth Amendment claim with the trial court.  (#1 at p. 28)  Accordingly, Petitioner's speedy trial claim is procedurally defaulted unless Petitioner can establish cause and prejudice or actual innocence.

3.      *Denial of fair and impartial jury*

Petitioner claims he was denied a fair and impartial jury at trial due to inaccuracies

with the Pulaski County Circuit Court's jury data base system.[9]  Petitioner raised this

claim with the Arkansas Supreme Court on appeal of the trial court's denial of Rule 37

relief, but the Court rejected the claim as procedurally barred because the Petitioner raised

the claim for the first time on appeal.  The Court held that under well-settled Arkansas

law, it could "not address arguments, even constitutional arguments raised for the first

time on appeal." *O'Neal*, 2005 WL 2387832 at *2 (citing *Dowty v. State*, 363 Ark. 1, 210

S.W.3d 850 (2005)).

This Court is unable to grant federal habeas relief on a federal claim that the state

appellate court declined to address because the petitioner failed to meet a state procedural

requirement constituting an "independent and adequate state ground." *Crawford v.

Minnesota*, 498 F.3d 851, 854 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S.

722, 730, 111 S.Ct. 2546 (1991)).  Federal courts should not consider whether the state

court properly applied its default rule to the claim.  *Sweet v. Delo*, 125 F.3d 1144, 1151

(8th Cir. 1997).  Federal courts do not sit to correct a state court's application of its

ordinarily adequate procedural rules except in unusual circumstances not present here.

---

[9]Petitioner raised this claim as an ineffective assistance of counsel claim in his
appeal of denial of Rule 37 relief.  *O'Neal*, 2005 WL 2387832 at *4.  Petitioner does not
make a claim of ineffective assistance of counsel for failure to object to the jury panel in
this Petition.

See *Lee v. Kemna*, 534 U.S. 362, 376, 122 S.Ct. 877 (2002).  To be "independent and adequate," a state procedural bar must be "firmly established and regularly followed" by the time it is applied.  *Id.* (citing *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)).

Petitioner does not dispute that the Arkansas Supreme Court regularly follows the rule of dismissing arguments raised for the first time on appeal.  Consequently, Petitioner's jury claim is procedurally defaulted unless Petitioner can establish cause and prejudice or actual innocence.

4.     *Cause and Prejudice*

The cause and prejudice standard applies to procedural defaults on appeal as well as at trial.  *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986).  Under this standard, cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule."  *Murray*, 477 U.S. at 488.

Petitioner claims his hearing impairment, his ineffective trial counsel, and the trial court's rejection of the supplement to his Rule 37 petition were cause for his defaults.  (#17 at pp. 22-27)  Petitioner claims his hearing impairment caused him to default his claims because he could not hear adequately to know his counsel had not made the appropriate objections at trial.  Plaintiff has not, however, established that he has a hearing impairment.  Petitioner claims "the state courts" refused to subpoena his hearing

records from the federal prison system in order to establish his hearing deficiency.  The

records Petitioner sought, however, existed prior to his arrest, and Petitioner had many

opportunities to obtain these records either himself or through counsel but failed to do so.

Petitioner also had many opportunities to advise the trial court himself of his alleged

hearing impairment; and at the appeal stage, he had access to a transcript of the trial

proceedings which he could have consulted to apprise himself of the deficiencies he now

alleges occurred at trial.  Petitioner's alleged hearing impairment was not cause for his

default.

Additionally, the alleged inadequacies of Petitioner's trial counsel cannot excuse

Petitioner's default because the ineffectiveness claims were either defaulted or, for the

reasons stated above, are without merit.  See *Murray*, 477 U.S. at 488, 106 S.Ct. 2639

(holding ineffective assistance of counsel cannot be cause "so long as a defendant is

represented by counsel whose performance is not constitutionally ineffective under the

standard established in *Strickland*").

Petitioner argues the trial court's rejection of a supplement to his Rule 37 petition

caused his procedural default.  "[I]nterference by officials that makes compliance with the

State's procedural rule impracticable . . ." may amount to cause.  *McCleskey v. Zant*, 499

U.S. 467, 494, 111 S.Ct. 1454 (1991) (internal quotations omitted).  The facts of this case,

however, do not support an argument that the trial court caused the default.  The trial

court acted within its procedural rules by requiring timely filing of Rule 37 petitions and

rejecting Petitioner's late supplement which raised new claims not raised in the original

petition.  Petitioner does not argue that the court frustrated his attempts to raise these

issues in his initial petition.  Accordingly, the trial court's denial of Petitioner's

supplement is not cause for his default.  See *Charron v. Gammon*, 69 F.3d 851, 858 (8th

Cir. 1995) (state court's denial of a motion to file a supplemental brief was not

interference and did not establish cause).  As Petitioner has not established cause for his

defaults, the prejudice element need not be addressed.  *McCleskey v. Zant*, 499 U.S. at

502.

     5.    *Actual Innocence*

Petitioner invokes the actual innocence exception to the cause-prejudice

requirement.  Under this exception, a petitioner may overcome procedural default by

showing that failure to hear his petition will result in a miscarriage of justice.  To

establish actual innocence to overcome procedural default, Petitioner must show that,

based on new evidence, "it is more likely than not that no reasonable juror would have

found petitioner guilty beyond a reasonable doubt," had the new evidence been produced

at trial.  *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 867 (1995).  This exception is

concerned only with claims of actual innocence, not legal innocence.  *Id*.  A claim of

actual innocence requires that petitioner "support his allegation of constitutional error

with new reliable evidence."  *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct.

851, 865 (1995)).  Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence.  *Id*.

As set forth above, Petitioner has not presented such evidence here.  Petitioner bases his actual innocence argument to overcome his procedural defaults on the same evidence as his substantive actual innocence claim.  Again, Petitioner's allegation that the confession was coerced is not new evidence of actual innocence.  Certainly, Petitioner knew of the factual basis for this claim at the time of the suppression hearing, but chose not to testify regarding the alleged coercion.  Additionally, with diligent effort, Petitioner could have discovered the witness who claims to have seen the victim.  The later procurement of evidence supporting Petitioner's defense theory does not make it "new" for purposes of the actual-innocence exception.  See *Osborne v. Purkett*, 411 F.3d 911, 919-20 (8th Cir. 2005) (no "new" evidence where affidavit was based on information existing at time of trial, which could have been discovered earlier if pursued with diligence).

In the light of the sworn testimony of law enforcement personnel, expert witnesses, and private citizens, coupled with Petitioner's confession, the Court cannot say that if this evidence had been produced at trial, it is probable that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.  Thus, the Court cannot consider the merits of Petitioner's procedurally barred claims.  See *Johnson v. Norris*, 170 F.3d 816, 818 (8th Cir. 1999) (evidence must be "so forceful that it is more likely than not that no

reasonable [trier of fact] would have convicted [defendant] in the light of the new evidence") (internal quotation omitted).

Petitioner has not established cause or actual innocence.  Accordingly, the Court recommends that the District Court dismiss Petitioner's procedurally defaulted claims.

**VI.**   **Conclusion**

For the foregoing reasons, the Court recommends that the District Court deny relief and dismiss with prejudice Petitioner's petition for writ of habeas corpus (#1) and addendum (#33).

DATED this 17th day of July, 2008.

_____

UNITED STATES MAGISTRATE JUDGE